UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH OTTEN, ON HIS OWN BEHALF and AS PERSONAL REPRESENTATIVE OF THE ESTATE OF PATRICA OTTEN | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:17 CV 2526 CDP |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This insurance dispute was filed in Missouri state court and includes a claim to collect a judgment under Missouri's equitable garnishment statute, § 379.200, Mo. Rev. Stat. Plaintiffs Patricia and Joseph Otten previously obtained a judgment in state court against defendant Crescent Plumbing Supply Company, and in this suit they sue Crescent and its insurer, Liberty Mutual Insurance Company (and Liberty's reinsurer and its claims administrator) to collect that judgment. In addition to the equitable garnishment claim, plaintiffs seek a declaration that the Liberty policy covers the underlying loss that led to the judgment against Crescent; they also bring claims for breach of contract, and, as an assignee of Crescent, bad faith failure to settle and punitive damages.

Although complete diversity is lacking because Crescent and the Ottens are all Missouri citizens, Liberty removed the case, asserting that Crescent should be re-aligned as a plaintiff, which, Liberty argues, would give the Court diversity jurisdiction under 28 U.S. C. § 1332. The Ottens move to remand, pointing out that many cases have held that a judgment debtor is a proper defendant in an equitable garnishment action. They further argue that even if Liberty were correct and Crescent were realigned as a plaintiff, then diversity would still be lacking because Liberty would be deemed a Missouri citizen because this is a direct action and the insured (Crescent) would not be named as a defendant.

Numerous cases considering Missouri's equitable garnishment statute agree with plaintiff and require this case to be remanded to state court. Liberty's argument that a different result must apply because Crescent assigned its rights against its insurance company to plaintiffs and so shares plaintiffs' interest in the lawsuit does not change that precedent. Crescent's assignment of its bad faith and punitive damages claims to the Ottens does not affect the Ottens' equitable garnishment claim – that claim was created by the Missouri statute, not by the assignment. I will remand the case to state court.

## **Background and Procedural History**

In January 2016, Vincent Otten and his wife Patricia Otten filed an asbestos-related personal injury lawsuit. Defendant Crescent was one of several defendants

named in the suit.  Vincent Otten alleged he contracted mesothelioma because of his occupational exposure to asbestos-containing materials, some of which came from Crescent.  Vincent Otten passed away in 2016.  Mrs. Otten[1] and her son maintained the underlying lawsuit as a wrongful death action.  Crescent maintained one or more commercial general liability insurance policies from Liberty Mutual Insurance Company, which later sold some or all of its policies to the National Indemnity Company (NICO) as reinsurer.  Resolute Management Inc. is the claims administrator for NICO.

Upon notification of the Otten lawsuit, defendant Resolute, on behalf of Liberty and NICO, informed Crescent that the insurance companies would defend against the claims asserted, but only under a reservation of rights.  Crescent entered into an agreement with the Ottens pursuant to § 537.065 of the Revised Statutes of Missouri whereby they agreed to limit execution of any judgment obtained against Crescent to insurance proceeds.  By separate addendum to that agreement, Crescent assigned to the Ottens its rights to pursue any claims against its insurers, including claims for bad faith.  In consideration for this assignment, the parties agreed that Crescent would retain 15% of all settlements, judgments, or monies obtained as resolution of the assigned claims.

---

[1] Plaintiff Patricia Otten died on April 20, 2018.  On June 27, 2018, the Court granted Joseph Otten's motion to substitute himself as the personal representative of his mother's estate.

After a bench trial in which Crescent did not present any evidence in defense, the Ottens secured a judgment of $8,255,060.58 against Crescent. They then filed this action in the Circuit Court of St. Louis seeking to enforce the judgment. In this case the Ottens request 1) a declaration that Crescent was covered by Liberty's policies; 2) equitable garnishment of the insurance monies in satisfaction of the underlying judgment pursuant to Mo. Rev. Stat. § 379.200; 3) a breach of contract judgment against Liberty and NICO; 4) a bad faith refusal to defend judgment against Liberty, NICO and Resolute, and 5) a claim for willful, wanton and reckless misconduct against Liberty, NICO and Resolute to recover punitive damages. As required under the equitable garnishment statute, plaintiffs named Crescent as a defendant.

Liberty removed the case to this Court under 28 U.S.C. § 1332, alleging complete diversity of the parties and an amount in controversy in excess of $75,000. Co-defendants NICO and Resolute consented to the removal, but Crescent did not consent. After the case was removed, defendants NICO and Resolute filed a motion requesting that all claims against them be dismissed in their entirety. Plaintiffs have moved to remand the action to state court, arguing that this Court lacks subject-matter jurisdiction to hear the case.

The Ottens are citizens of Missouri. Defendant Crescent is a Missouri corporation with its principal place of business in Missouri. Liberty is a Massachusetts corporation with its principal place of business in Massachusetts.

NICO and Resolute are Nebraska corporations with their principal places of business in Nebraska.

## Discussion

To invoke diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. *In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993). All doubts about federal jurisdiction must be resolved in favor of remand. *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007).

In its Notice of Removal, Liberty asserted that because Crescent has an interest in the Ottens' recovery, Crescent should be realigned as a plaintiff. According to Liberty, realignment would ensure diversity of the parties under 28 U.S.C. § 1332. Liberty asserted that if the Court does not realign Crescent, Crescent should be deemed a nominal party and the Court should ignore Crescent's citizenship. Finally, anticipating plaintiffs' argument that even if Crescent were realigned as a plaintiff, insurer Liberty would assume the Missouri citizenship of its insured Crescent by operation of 28 U.S.C. § 1332(c)(1), Liberty asserted that equitable garnishment is not a direct action; therefore, Liberty would remain a citizen of Massachusetts.

In their motion to remand, the Ottens argue that under Missouri's equitable garnishment statute Crescent is a proper defendant, so complete diversity does not exist. In the alternative, they argue that because this is a direct action against an insurer, realigning Crescent as a plaintiff would still not create diversity jurisdiction. Under 28 U.S.C. § 1332(c)(1), in a direct action where the insured is not joined as a party-defendant, the insurer assumes the citizenship of the insured, so Liberty would be deemed a citizen of Missouri if Crescent were not a defendant.

Missouri's equitable garnishment statute, Mo. Rev. Stat. § 379.200, provides a method for collection of insurance proceeds by a plaintiff who has obtained a final judgment against an insured defendant for covered actions. The statute provides:

> . . . if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity *against the defendant and the insurance company* to reach and apply the insurance money to the satisfaction of the judgment.

Mo. Rev. Stat. § 379.200 (emphasis added). The "plain statutory command" of the statute requires joinder of the tortfeasor. *Glover v. State Farm Fire and Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993). Thus, to bring their equitable garnishment claim against Liberty, the Ottens were required to join the insured, Crescent, as an additional party defendant. The Ottens cite to several cases from the Eastern District of Missouri in which the courts held that the judgment debtor was properly joined as a defendant under § 379.200, thus destroying complete diversity. *See*

*Demann v. Liberty Mut. Fire Ins. Co.*, No. 4:12CV00990 ERW, 2012 WL 3939827, at *3 (E.D. Mo. Sept. 10, 2012); *Dobbs v. National Gas Co.*, No. 4:10-CV-173-RWS, 2011 WL 768400, at *2 (E.D. Mo. Feb. 28, 2011).

Liberty argues that Crescent's retention of an interest in the litigation distinguishes the cases cited above. Liberty points to the addendum to the agreement between Crescent and the Ottens in which Crescent assigned its claims against its insurers to the Ottens in return for 15% in any recovery on those claims. The assignment gave the Ottens the right to bring what would otherwise have been Crescent's bad faith failure to settle and punitive damages claims against the insurer (Counts III and IV). Crescent's assignment of its claims had no effect on the on the Ottens' right to bring an equitable garnishment claim (Count II) because they were entitled to bring this claim by operation of Missouri statute § 379.200. The assignment of other claims cannot change the interpretation of Missouri's equitable garnishment statute.

Liberty has not cited any Missouri equitable garnishment cases that would support realignment. Instead, Liberty cites to cases from other jurisdictions that involve other state statutes. The only Missouri cases Liberty relies on involve traditional garnishment actions under Mo. Rev. Stat. § 537.065, not equitable garnishment pursuant to § 379.200. By its express terms, § 379.200 necessitated that plaintiffs sue both the judgment debtor (Crescent) and the insurance company (Liberty). Liberty's argument for realignment fails.

Next, Liberty argues that Crescent is a nominal party whose citizenship should be disregarded for diversity purposes. This argument also fails. A nominal party is a defendant against whom no real relief is sought. *Percherski v. General Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981). Liberty argues in light of the judgment and Crescent's 15% interest in all settlements, judgments, or monies obtained by the Ottens as assignee of Crescent's claims, the parties are not truly adverse. But that is not the law: in an equitable garnishment action such as this one, joinder of both Liberty and Crescent as a defendant is mandatory under § 379.200. As noted by the Western District recently in *Hart v. Knockerball MidMo, LLC*, No. 2:17-CV-04182-NKL, 2017 WL 6209235, at *3 (W.D. Mo. Dec. 8, 2017), *Glover* affirmed the district court's holding that § 379.200 requires joinder of the insured as an additional party defendant. *See also Prendergast v. Alliance Gen. Ins. Co.,* 921 F. Supp. 653, 654 (E.D.Mo.1996). Crescent never had any right to bring an equitable garnishment claim and the assignment of its other claims had no effect on the Ottens' statutory right to bring that claim.

Finally, Liberty argues that the "direct action" portion of 28 U.S.C. § 1332(c)(1) is not applicable to this case because garnishment is not a direct action. This argument also fails. As an equitable garnishment brought under § 379.200, this case is a direct action against Liberty, an insurer. *See e.g., Villages Condomineum Ass'n, Inc. v. Barsto Constr. Inc.,* 15-630-CV-W-SWH, 2016 WL 1090652, at *3 (W.D. Mo. Mar. 21, 2016); *Breusch v. Progressive Preferred*

*Insurance Company*, No. 2:17CV19 HEA, 2017 WL 6316692, at *2 (E.D. Mo. Dec. 8, 2017); *Pendergast*, 921 F. Supp at 655. Because this is a direct action, if Crescent were realigned as a plaintiff complete diversity would still not exist because Liberty would then assume Crescent's citizenship and be deemed a citizen of Missouri under 28 U.S.C. § 1332(c)(1).

Given the lack of complete diversity among the defendants I must remand this matter to state court.

**IT IS HEREBY ORDERED** that plaintiffs Motion to Remand [17] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Louis City, Missouri, from which it was removed.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot and without prejudice to be refiled in the proper forum.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2018.